# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| WESTLEY KAYEON KENNEDY, | * | |
| | * | |
| Movant, | * | CIVIL ACTION NO.: 2:15-cv-30 |
| | * | |
| v. | * | (Crim. Case. No.: 2:14-cr-12) |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court is Westley Kayeon Kennedy's ("Kennedy") Motion for Reconsideration of the Denial of a Certificate of Appealability, dkt. no. 834,[1] to which the Government has not filed a response. Kennedy moves the Court for a Certificate of Appealability ("COA") regarding the denial of his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. Nos. 818, 826. For the reasons and in the matter set forth below, the Court **GRANTS**

---

[1] The pertinent record documents in this case are filed on the docket of Kennedy's criminal case, <u>United States v. Kennedy</u>, 2:14-cr-12 (S.D. Ga. April 3, 2014), and many are not included in Kennedy's civil docket. Thus, for ease of reference and consistency, the Court cites to Kennedy's criminal docket in this Order.

Kennedy's Motion for Reconsideration[2] and **ISSUES** him a COA in accordance with the grounds noted herein.

**BACKGROUND**

In his Section 2255 Motion, Kennedy argued that his counsel, Mr. Reid Zeh, provided ineffective assistance and operated under a conflict of interest and that the Government committed prosecutorial misconduct. Dkt. No. 809-1. Magistrate Judge R. Stan Baker recommended the Court deny Kennedy's 2255 Motion without a hearing because Kennedy could not show Mr. Zeh was ineffective under either the conflict-of-interest standard or the Strickland standard and because Kennedy's prosecutorial misconduct allegations were conclusory and subject to his comprehensive collateral attack waiver. Dkt. No. 818. In addition, Judge Baker recommended the Court deny Kennedy a COA. Id. at pp. 29-30. Kennedy did not file objections, and the

---

[2] A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (citation omitted). The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (alterations omitted) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (alterations omitted) (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

Court adopted Judge Baker's Report and Recommendation as the opinion of the Court. Dkt. Nos. 825, 826, 827. Following the entry of judgment against him, Kennedy filed a notice of appeal with the Eleventh Circuit, dkt. no. 830, and now seeks reconsideration of the Court's COA denial, dkt. no. 834.[3]

**DISCUSSION**

A federal prisoner proceeding under Section 2255 must obtain a COA before appealing the denial of his motion to vacate. The Court "must issue or deny a [COA] when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A COA should issue when a movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

1. To establish the denial of a constitutional right, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). A Section 2255 movant need not show that his motion

---

[3] Mr. Ricardo Bascuas, Kennedy's counsel on direct appeal, filed the Motion for Reconsideration on Kennedy's behalf. Dkt. Nos. 833, 834.

would necessarily be meritorious, only that it is debatable, "even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [movant] will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The Court's threshold COA "inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Id. at 336.

On the prior record before the Court, it appeared that any appeal in this matter would be frivolous. Therefore, finding no debatable issues worthy of appeal, the Court initially denied Kennedy a COA. Dkt. No. 818, p. 30. However, in light of Kennedy's recent pleadings, including the arguments raised in his Motion for Reconsideration, it appears that Kennedy's appeal will present debatable constitutional issues of which reasonable jurists could disagree regarding conflicts of interest, ineffective assistance of counsel, due process, and the adversarial structure of our justice system.[4] Accordingly, the

---

[4] Kennedy's Motion focuses on whether Mr. Zeh's representation of Kennedy and another defendant was successive or concurrent. Judge Baker, relying on arguments of the Government and Mr. Zeh's affidavit, found that the representation was successive, and the Court adopted that conclusion. However, Kennedy's appellate counsel raises a compelling argument that the representation was actually concurrent. Dkt. No. 834. Nonetheless, this discrepancy may not ultimately be enough to afford Kennedy relief on appeal. Judge Baker found that "even assuming, *arguendo*, [] Kennedy could show Mr. Zeh had inconsistent interests such that he was actually conflicted, Kennedy cannot show that this alleged conflict 'adversely affected' his

AO 72A
(Rev. 8/82)

4

Court **ISSUES** Kennedy a COA. Kennedy's COA shall be limited to the following three issues:

(1) whether Kennedy's right to due process was abridged by the Magistrate Judge's failure to conduct an evidentiary hearing on this record;

(2) whether Kennedy's Sixth Amendment right to conflict-free counsel was violated given that Mr. Zeh simultaneously, not successively, represented a person trying to incriminate Kennedy; and

(3) whether the Government and Mr. Zeh failed to observe adversarial norms in this prosecution in violation of Kennedy's right to due process of law.

---

counsel's performance." Dkt. No. 818, pp. 18-19. In light of the considerable objective evidence against Kennedy and the substantial benefit he obtained through his plea agreement, Judge Baker reasoned that Kennedy's alternative strategy of going to trial was not reasonable under the facts and that Kennedy failed to establish a "link" between Mr. Zeh's conflict and the plea deal strategy. Id. at pp. 19-21 (citing Pegg v. United States, 253 F.3d 1274, 1278 (11th Cir. 2001)). Thus, Kennedy's Section 2255 Motion may still be denied due to lack of adverse effect or prejudice any conflict had on the resolution of his case. However, this Court need not express any opinion on the ultimate resolution of Kennedy's appeal except to say that his arguments do not appear so frivolous that he should not be allowed to pursue them.

## CONCLUSION

For the reasons and in the matter set forth above, the Court **GRANTS** Kennedy's Motion for Reconsideration of the Denial of a COA. Dkt. No. 834. Accordingly, the Court **ISSUES** Kennedy a COA, which shall be limited to the three grounds noted herein.

**SO ORDERED**, this \_\_11\_\_ day of \_\_May\_\_, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA